IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| DAVID TYSON,<br><br>　　Plaintiff,<br><br>v.<br><br>KIRBY INLAND MARINE, LP,<br><br>　　Defendant. | CIVIL ACTION NO. 4:25-cv-05896<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

David Tyson, ("Tyson" or "Plaintiff"), by and through his attorney of record, hereby complains of Kirby Inland Marine, LP ("Kirby" or "Defendant"), and shows as follows:

### 1. INTRODUCTION

1.1. Plaintiff complains that he was retaliated against in violation of Title VII of the Civil Rights Act of 1964.

1.2. This action seeks lost wages and benefits, compensatory and punitive damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

### 2. PARTIES

2.1. Plaintiff is an individual who resided in Harris County, Texas at the time the cause of action asserted herein accrued and who currently resides in Harris County, Texas.

2.2. Defendant Kirby Inland Marine, LP is a limited partnership licensed to do business in the State of Texas that may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## 3. JURISDICTION

3.1. This action is brought under Title VII of the Civil Rights Act..

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas--Houston Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. PROCEDURAL REQUISITES

4.1. Plaintiff has satisfied all procedural requisites to the filing of this suit.

## 5. FACTS

5.1. Plaintiff began work for Kirby Inland Marine ("Kirby") as a Relief Captain on or about April 3, 2000. During his employment, he was subjected to disability discrimination, as well as sexual harassment about which Plaintiff complained in early 2023. Plaintiff was then terminated from his employment on May 15, 2023.

5.2. On or about October 18, 2023, Plaintiff filed a Charge of Discrimination against Kirby based on the disability discrimination and sexual harassment.

5.3. In late 2024, Plaintiff became aware of a position of employment at Kirby that paid well, Inland Wheelman, for which Plaintiff was highly qualified. Plaintiff

      submitted his formal application for the position on December 17, 2024. On the same day, Plaintiff received confirmation that his application was received by Kirby with a note that "your resume will be reviewed by our recruiting staff and we will contact you soon, should we feel that your background meets our needs."

5.4.    On December 19, 2024, Plaintiff received an email rejection from Kirby stating that he did "not meet the minimum qualifications for this position." Notwithstanding the rejection, the email further provided that "We invite you to continue to look for opportunities [within Kirby] that meet your interests."

5.5.    There is no question that Plaintiff's background and experience made him a perfect candidate for the Inland Wheelman position. Plaintiff was outright rejected for the position because he previously engaged in protected activity by filing a Charge of Discrimination against Kirby. Therefore, Plaintiff was retaliated against in violation of Title VII by not being hired for a position based on his protected activity.

## 6. CAUSE OF ACTION

### Retaliation

Defendant refused to hire Plaintiff because he previously filed a Charge of Discrimination with the EEOC. Plaintiff was aptly qualified for the position to which he applied. Subsequent to the decision not to rehire Plaintiff, Defendant created false reasons to support the refusal to rehire Plaintiff. Plaintiff suffered significant damages as a direct result of the refusal to rehire him.

### 7. ATTORNEYS FEES

Plaintiff seeks his reasonable and necessary attorneys fees as a "prevailing party" under 42 U.S.C. § 1981.

### 8. JURY DEMAND

Plaintiff hereby demands a trial by jury.

### PRAYER

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, awarding him:

    a.    back pay and benefits;

    b.    front pay and benefits;

    c.    mental anguish damages;

    d.    punitive damages;

    e.    attorneys fees;

    f.    prejudgment and postjudgment interest and,

    g.    costs of court.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Mark G. Lazarz*
Mark G. Lazarz
TBA #12069100
5373 W. Alabama St.
Suite 600
Houston, Texas 77056
mlazarz@eeoc.net
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF**